IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

AMY J. AGUILAR and
JOHN L. AGUILAR,

    Plaintiffs,

v.                                 Case No. 2:23-cv-00235

GEICO ADVANTAGE INSURANCE
COMPANY, GOVERNMENT EMPLOYEES
INSURANCE COMPANY and MEGAN POWER,

    Defendants.

## DEFENDANTS' ANSWER TO THE COMPLAINT, AFFIRMATIVE DEFENSES, AND DECLARATORY JUDGMENT COUNTERCLAIM

Now come Defendants GEICO Advantage Insurance Company ("GEICO Advantage"), Government Employees Insurance Company ("GEICO"), and Megan Power ("Power"), collectively referenced as "Defendants," and for their Answer to the Complaint filed against them, their Affirmative Defenses, and Declaratory Judgment Counterclaim, hereby state as follows:

## ANSWER

## COMMON ALLEGATIONS

1.    Defendants admit the allegations contained in Paragraph 1 of the Complaint that, at the time the insurance policy in question was issued and at the time of the August 30, 2022 storm at issue in this lawsuit, Plaintiff Amy J. Aguilar ("Mrs. Aguilar") was a resident of Kosciusko County, Indiana and was an owner of a 1985 Travel Villa 250 travel trailer (the "Travel Trailer"), and that the Travel Trailer was registered in the State of Indiana at those times.

Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint that, at the time the insurance policy in question was issued and at the time of the August 30, 2022 storm at issue in this lawsuit, Plaintiff John L. Aguilar ("Mr. Aguilar") was a resident of Kosciusko County, Indiana and was an owner of a 1985 Travel Villa 250 travel trailer (the "Travel Trailer"), and that the Travel Trailer was registered in the State of Indiana at those times. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint that GEICO Advantage is a foreign corporation with its principal place of business in Chevy Chase, Maryland. Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint that Power is an employee of GEICO, that she resides outside the State of West Virginia, that she is licensed as an insurance adjuster in West Virginia, and that she adjusts insurance claims in West Virginia. Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit that, at all relevant times, Power was acting as an agent of both GEICO and Geico Advantage within the scope of her employment. Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegation contained in Paragraph 7 of the Complaint that jurisdiction and venue are proper in the Circuit Court of Kanawha County, West Virginia, on the basis that the loss at issue allegedly occurred in Kanawha County, West Virginia. Defendants

deny the remaining allegations contained in Paragraph 7 of the Complaint, and further clarify that such jurisdiction and venue are not exclusive.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint as they pertain to GEICO Advantage, but admit the same allegations as they pertain to GEICO and Power.

## FACTS

9. Defendants admit the allegation contained in Paragraph 9 of the Complaint that, on August 30, 2022, the 1985 Travel Trailer was insured under Policy Number 4582-71-04-16, which had been issued by GEICO Advantage. Defendants deny the allegation contained in Paragraph 9 of the Complaint that Policy Number 4582-71-04-16 had been issued by GEICO. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint that Policy Number 4582-71-04-16 contains Comprehensive insurance coverage, Emergency Expense coverage with a $1,000.00 limit of liability, and Replacement Cost Personal Effects coverage with a $5,000.00 limit of liability. However, the question of whether there is insurance coverage for a particular loss must rely on an examination of the entire policy, including all terms, conditions, limitations and exclusions contained therein. Defendants specifically deny that there is insurance coverage under the policy in question for the losses described by Plaintiffs in the Complaint, and further deny any remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit the allegation contained in Paragraph 16 of the Complaint that the Plaintiffs paid the premium required for Policy Number 4582-71-04-16. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit the allegation contained in Paragraph 20 of the Complaint that the Plaintiffs contacted GEICO on August 31, 2022 to report a claim, and that the claim they reported on that day was timely reported. Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit the allegation contained in Paragraph 21 of the Complaint that GEICO assigned the handling of the Plaintiffs' August 31, 2022 claim to Power. Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint.

22. Defendants admit the allegations contained in Paragraph 22 of the Complaint that, at some point in time, Power asked Christopher Wilson, an auto damage adjuster, to investigate the damage to the Plaintiffs' Travel Trailer that the Plaintiffs alleged was caused by the August 30, 2022 storm, and that Mr. Wilson, with the assistance of a vendor, determined that the cost of

repairing the damage allegedly caused by the August 30, 2022 storm would exceed the actual cash value of the Travel Trailer, with the repairs in question exceeding $10,000.00 in cost. Defendants deny the remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit the allegation contained in Paragraph 23 of the Complaint that, on September 14, 2022, Power sent a letter to Mrs. Aguilar, informing Mrs. Aguilar that the Travel Trailer was a total loss. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint. The allegations are based on a faulty premise: Plaintiffs did not report to the Defendants a claim for loss of, or damage to, personal property.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint. The allegations are based on a faulty premise: Since the loss in question was not a covered loss, there was no coverage available under the policy for emergency expenses.

26. Defendants admit the allegations contained in Paragraph 26 of the Complaint that, on September 19, 2022, Power (acting on behalf of GEICO Advantage, the insurer in question) sent letters to the Plaintiffs, informing them that there was no coverage under Policy Number 4582-71-04-16 for the loss they had reported on August 31, 2022. Defendants deny the remaining allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

### Count I – Breach of Contract (GEICO)

33. In the same manner in which the Plaintiffs have re-alleged and incorporated by reference every preceding paragraph of their Complaint, Defendants hereby re-allege and incorporate their respective numbered responses to those paragraphs as shown above.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

### Count II – Common Law "Bad Faith" (GEICO Defendants)

38. In the same manner in which the Plaintiffs have re-alleged and incorporated by reference every preceding paragraph of their Complaint, Defendants hereby re-allege and incorporate their respective numbered responses to those paragraphs as shown above.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

### Count III – Unfair Trade Practices (All Defendants)

43. In the same manner in which the Plaintiffs have re-alleged and incorporated by reference every preceding paragraph of their Complaint, Defendants hereby re-allege and incorporate their respective numbered responses to those paragraphs as shown above.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

Defendants deny that the Plaintiffs are entitled to the relief sought in the WHEREFORE section of their Complaint that follows Paragraph 61, and further deny any and all allegations contained in the Complaint that are not specifically and explicitly admitted in the numbered paragraphs shown above.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses in response to the allegations contained in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims against the Defendants are barred by, excluded by, or limited by the terms, conditions, limitations and exclusions of the insurance policy issued by GEICO Advantage.

## THIRD AFFIRMATIVE DEFENSE

No acts or omissions of the Defendants were malicious, willful, wanton, reckless, or grossly negligent, and therefore any award of punitive damages is barred.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint's claim for punitive damages is barred by the prohibition against excessive fines contained in the Eighth Amendment of the United States Constitution and by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action may be barred by the applicable statute of limitations or statute of repose.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part by the doctrines of laches, waiver, and estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by Plaintiffs is or may be barred, in whole or in part, due to additional affirmative defenses that cannot now be articulated by Defendants; therefore, they reserve their right to supplement this Answer and raise additional defenses as may become applicable upon further amplification of Plaintiffs' claims and discovery of information presently unknown to Defendants.

## DECLARATORY JUDGMENT COUNTERCLAIM

Pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Defendant GEICO Advantage hereby asserts this Counterclaim against Plaintiffs and requests a declaration of legal rights and responsibilities under GEICO Advantage Policy Number 4582-71-04-16. The central question in this declaratory judgment Counterclaim is whether GEICO Advantage Policy Number 4582-71-04-16 provides insurance coverage to Plaintiffs for the claim they reported to GEICO on August 31, 2022, alleging that their Travel Trailer had sustained specific claimed damage as a result of a rainstorm that occurred on August 30, 2022. In that regard, GEICO Advantage alleges as follows:

1. GEICO Advantage issued an automobile insurance policy to Plaintiffs bearing Policy Number 4582-71-04-16, with a policy period running from March 1, 2022 through September 1, 2022.

2. Policy Number 4582-71-04-16 contains a special endorsement entitled the RECREATIONAL VEHICLE COVERAGE AUTOMOBILE POLICY ENDORSEMENT. That endorsement begins with the following statement:

> If a premium is shown on the Declarations Page for one of the vehicle types listed below, we agree that this endorsement is part of the GEICO automobile insurance policy. This endorsement does not amend *your* GEICO automobile insurance policy as it applies to your auto, but only applies to the ***motor home*** or ***travel trailer***

that is shown on the Declarations. All of the provisions of the GEICO automobile insurance policy apply except as noted.

3. One of the listed vehicles under Policy Number 4582-71-04-16 is the 1985 Travel Trailer that is the subject of the Plaintiffs' claims in the Complaint. For that vehicle, premiums are shown on the Declarations Page for the three types of coverages identified by the Plaintiffs in their Complaint: Emergency Expense, Replacement Cost Personal Effects, and Comprehensive (Excluding Collision). Therefore, the RECREATIONAL VEHICLE COVERAGE AUTOMOBILE POLICY ENDORSEMENT applies to the 1985 Travel Trailer that is the subject of Plaintiffs' Complaint.

4. The RECREATIONAL VEHICLE COVERAGE AUTOMOBILE POLICY ENDORSEMENT contained in Policy Number 4582-71-04-16 contains a SECTION III-PHYSICAL DAMAGE COVERAGES.

5. SECTION III-PHYSICAL DAMAGE COVERAGES of the RECREATIONAL VEHICLE COVERAGE AUTOMOBILE POLICY ENDORSEMENT contained in Policy Number 4582-71-04-16 incorporates the relevant definitions contained in SECTION I-VACATION LIABILITY COVERAGE, one of which is the following:

> **Travel trailer** means a non-motorized trailer, including its original permanently attached equipment, which is designed to be towed on public roads by a land motor vehicle, and that;
> (a) Has built in sleeping facilities; and
> (b) Is designed for recreational and camping use and is not used as a permanent stationary residence.

6. SECTION III-PHYSICAL DAMAGE COVERAGES of the RECREATIONAL VEHICLE COVERAGE AUTOMOBILE POLICY ENDORSEMENT contained in Policy Number 4582-71-04-16 also contains the following definition:

> **Regularly maintain** means the recommended vehicle maintenance as outlined in the owner's manual provided by the manufacturer. This includes but is not limited

to maintenance of tires, air conditioner, water pump, hot water heater, generator, plumbing, and electrical system, inspection of sealant around roof, windows and doors, inspection of slide outs, repairing leaks and winterizing.

7. SECTION III-PHYSICAL DAMAGE COVERAGES of the RECREATIONAL VEHICLE COVERAGE AUTOMOBILE POLICY ENDORSEMENT contained in Policy Number 4582-71-04-16 contains a LOSSES WE WILL PAY subsection, which includes a Comprehensive Coverage subsection, and which states, in relevant part:

> If **you** pay a premium for Comprehensive Coverage, we will pay for each **loss**, less the applicable deductible, caused other than by **collision**, subject to the Limits of Liability.
> A comprehensive loss is a **loss** caused by any event other than **collision**, including, but not limited to, any of the following:
>     (m)    Windstorm;
>     (o)    Water[.]

8. SECTION III-PHYSICAL DAMAGE COVERAGES of the RECREATIONAL VEHICLE COVERAGE AUTOMOBILE POLICY ENDORSEMENT contained in Policy Number 4582-71-04-16 contains an EXCLUSIONS subsection, which incorporates the exclusions contained in the SECTION III-PHYSICAL DAMAGES COVERAGES section of the main body of Policy Number 4582-71-04-16, one of which is Exclusion 4, which states:

> There is no coverage for loss caused by and limited to wear and tear, freezing, mechanical or electrical breakdown or failure, unless that damage results from a covered theft.

9. The EXCLUSIONS subsection of SECTION III-PHYSICAL DAMAGE COVERAGES of the RECREATIONAL VEHICLE COVERAGE AUTOMOBILE POLICY ENDORSEMENT contained in Policy Number 4582-71-04-16 also contains the following special exclusions, which state, in relevant part:

> F.    **Loss** caused by mold, fungi, wet or dry rot, or bacteria. This means the presence, growth, proliferation, spread, or any activity of mold, fungi, wet or dry rot, or bacteria.

11

  K.  **Loss** or damages due to **your** failure to **regularly maintain** the **owned auto** or **non-owned auto**.

  10. SECTION III-PHYSICAL DAMAGE COVERAGES of the RECREATIONAL VEHICLE COVERAGE AUTOMOBILE POLICY ENDORSEMENT contained in Policy Number 4582-71-04-16 contains a REPLACEMENT COST PERSONAL EFFECTS COVERAGE subsection and an EMERGENCY EXPENSE ALLOWANCE COVERAGE subsection, each of which respectively defines what is covered for each type of coverage.

  11. The exclusions quoted in Paragraphs 8 and 9 above all apply to the Comprehensive, Replacement Cost Personal Effects, and Emergency Expense Allowance Coverages defined by SECTION III-PHYSICAL DAMAGE COVERAGES of the RECREATIONAL VEHICLE COVERAGE AUTOMOBILE POLICY ENDORSEMENT contained in Policy Number 4582-71-04-16.

  12. Plaintiffs reported a claim to GEICO on August 31, 2022, alleging that their Travel Trailer had been damaged in a rainstorm that occurred on August 30, 2022. As part of the claim handling process, Plaintiffs were asked to provide photographs of the damage they claim was caused by the August 30, 2022 rainstorm. On September 1, 2022, Plaintiffs provided 18 photographs to GEICO, purporting to show the damage to the Travel Trailer that they claim was caused by the August 30, 2022 rainstorm.

  13. The 18 photographs that Plaintiffs provided to GEICO on September 1, 2022 show damage that was clearly not caused by a rainstorm that occurred within two days before the photographs were taken, but rather show damage that is the result of long term wear and tear; a failure to **regularly maintain** (as defined by the policy) the Travel Trailer; and the presence of mold, fungi, wet or dry rot, and/or bacteria.

14. Due to the conditions described in Paragraph 13 above, one or more of the exclusions quoted in Paragraphs 8 and 9 above apply to the claim presented to GEICO by Plaintiffs on August 31, 2022.

15. Upon information and belief, further investigation and discovery to be obtained from Plaintiffs in this matter will provide additional proof that one or more of the exclusions quoted in Paragraphs 8 and 9 above apply to the claim presented to GEICO by Plaintiffs on August 31, 2022.

Therefore, for the reasons stated above, GEICO Advantage asks this Court for a declaration that GEICO Advantage Policy Number 4582-71-04-16 does not provide insurance coverage for the claim presented to GEICO by Plaintiffs on August 31, 2022.

Respectfully submitted,

**GEICO ADVANTAGE INSURANCE COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, and MEGAN POWER**

BY:  SPILMAN THOMAS & BATTLE, PLLC

*/s/ Don C.A. Parker*
Don C.A. Parker (WV Bar No. 7766)
300 Kanawha Boulevard, East (ZIP 25301)
P.O. Box 273
Charleston, West Virginia 25321-0273
304.340.3896 / 304.340.3801 (*facsimile*)
dparker@spilmanlaw.com

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT CHARLESTON

**AMY J. AGUILAR and**
**JOHN L. AGUILAR,**

    Plaintiffs,

v.                                            Case No. 2:23-cv-00235

**GEICO ADVANTAGE INSURANCE**
**COMPANY, GOVERNMENT EMPLOYEES**
**INSURANCE COMPANY and MEGAN POWER,**

    Defendants.

## CERTIFICATE OF SERVICE

I, Don C. A. Parker, hereby certify that on March 30, 2023, I filed the foregoing **Defendants' Answer to the Complaint, Affirmative Defenses and Declaratory Judgment Counterclaim** with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following counsel of record:

Brent K. Kesner
Ernest G. Hentschel, II
Anthony E. Nortz
Kesner & Kesner, PLLC
112 Capitol Street (25301)
P.O. Box 2587
Charleston, WV 25329
*Counsel for Plaintiffs*

Robert V. Berthold, Jr.
Robert V. Berthold, III
Berthold Law Firm, PLLC
208 Capitol Street
P.O. Box 3508
Charleston, WV 25335
*Counsel for Plaintiffs*

                                            */s/ Don C.A. Parker*
                                            Don C. A. Parker (WV State Bar # 7766)